UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | |
| **WALTER GLENN, ET AL.** | **NO.: 15-00138-BAJ-RLB** |

### RULING AND ORDER

Before the Court is the matter of the joint representation of Walter Glenn, Larry Walker and Thomas James (collectively "Defendants"), the sole Defendants in this criminal action. On December 14, 2015, the Court held a hearing pursuant to Rule 44(c) of the Federal Rules of Criminal Procedure to consider the propriety of the Defendants' joint representation and to advise each Defendant of their right to the effective assistance of counsel. During the hearing, lawyers from the Criminal Justice Act Panel were appointed to represent each Defendant to ensure that each received independent advice regarding the right to conflict-free representation. Subsequently, each Defendant proffered a verbal waiver of their Sixth Amendment right to conflict-free counsel.

After considering the parties' arguments during the hearing and the briefs submitted to the Court, the Court finds that a serious potential conflict of interest exists, and for the reasons assigned, the Court declines to accept the waivers proffered by the Defendants during the hearing.

## I.    BACKGROUND

The Defendants were charged in a one count Indictment (Doc. 1) on October 1, 2015, for knowingly possessing, with the intent to defraud, at least fifteen unauthorized access devices that affected over three hundred social security numbers in violation of 18 U.S.C. § 1029(a)(3).

On October 29, 2015, the United States filed a Superseding Indictment (Doc. 13), which added two new counts to the original Indictment. The first added count alleges that on or about January 23, 2014, and continuing to at least August 17, 2015, all three Defendants conspired to make and pass counterfeit checks, produce fraudulent identification documents, and use unauthorized access devices, all in violation of 18 U.S.C. § 371. (Doc. 13 at pp. 1-2). The second added count alleges that all three Defendants committed aggravated identity theft by possessing multiple means of identification belonging to other individuals in violation of 18 U.S.C. § 1028A. (Doc. 13 at p. 5).

The Superseding Indictment further alleges that the Defendants obtained personal identifiable information from over four hundred individuals and used a computer program to create fraudulent state and foreign identification cards. (Doc. 13 at pp. 2-3). The Defendants allegedly manufactured counterfeit checks and used rental vehicles to travel on interstate highways to various retail outlets where they used fraudulent identification cards to attempt to cash almost $2,000,000.00 in counterfeit checks. (Doc. 13 at p. 3). The alleged conduct resulted in the theft of approximately $1,218,000.00 from retail outlets. (*Id.*).

## II.   APPLICABLE LAW

In accordance with Federal Rule of Criminal Procedure 44(c), when two or more defendants have been charged jointly and are represented by the same counsel, the Court must "promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation." Further, "[u]nless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel." Fed. R. Crim. P. 44(c)(2).

To determine whether counsel must be disqualified, a court must balance the right to choose one's own counsel and the need to comply with the rules of professional responsibility. *Emle Indus., Inc. v. Patentex, Inc.*, 478 F.2d 562, 564-65 (2d Cir. 1973). Pursuant to the Sixth Amendment right to conflict-free counsel, the Court is required to determine on the record that a defendant knowingly, intelligently, and voluntarily waived his right to conflict-free counsel. *United States v. Placente*, 81 F.3d 555, 560 (5th Cir. 1996).

To ascertain whether a defendant is entering into a knowing, intelligent, and voluntary waiver, the Court must ensure that the defendant is: (1) aware that a conflict of interest exists; (2) realizes the potential hazards to his defense by continuing with such counsel under the onus of a conflict; and (3) is aware of his right to obtain other counsel. *Placente*, 81 F.3d at 560. In *United States v. Garcia*, the Fifth Circuit prescribed the following procedure which lower courts within this circuit must follow:

3

> [T]he district court should address each defendant personally and forthrightly advise him of the potential dangers of representation by counsel with a conflict of interest. The defendant must be at liberty to question the district court as to the nature and consequences of his legal representation. Most significantly, the court should seek to elicit a narrative response from each defendant that he has been advised of his right to effective representation, that he understands the details of his attorney's possible conflict of interest and the potential perils of such a conflict, that he has discussed the matter with his attorney or if he wishes with outside counsel, and that he voluntarily waives his Sixth Amendment protections.

517 F.2d 272, 278 (5th Cir. 1975).

However, waivers by affected defendants are not necessarily sufficient to cure all potential problems created by the representation of multiple defendants. The Supreme Court has explained that "[t]he Sixth Amendment right to choose ones own counsel is circumscribed in several important respects." *Wheat v. United States*, 486 U.S. 153, 159 (1988). Although there is a presumption in favor of a defendant's counsel of choice, that presumption may be overcome when the counsel of defendant's choice has either an actual conflict of interest or a serious potential conflict of interest. *Id*. at 164. It is well established that courts have an independent interest, and an affirmative duty, in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe. *Id*. at 160. Therefore, when an actual or serious potential conflict of interest exists, a court may exercise its substantial latitude to decline a defendant's waiver. *Id*. at 163.

The Fifth Circuit in *United States v. Salado*, found that an actual conflict of interest existed when the defendant's counsel failed "1) to negotiate a plea agreement for him when he did so for [his co-defendant], and 2) to request a debriefing with the Government, which may have led to a downward departure for [the defendant] if he

4

had cooperated with the Government in its case against [his co-defendant]." 339 F.3d 285, 291 (5th Cir. 2003). In *United States v. Gharbi*, the Fifth Circuit found a serious potential conflict of interest because, if the co-defendant testified, defense counsel could "pull punches on cross-examination" or "attack [the co-defendant] with great detail." 510 F.3d 550, 553 (5th Cir. 2007) (internal quotation mark omitted). Accordingly, the Fifth Circuit affirmed the lower court's decision to decline the defendant's valid waiver and disqualify counsel. *Id.* at 554.

### III. DISCUSSION

Given the nature of the charges *sub judice*, the concerns articulated in *Salado* and *Gharbi* are present here. Each of the Defendants proffered a verbal waiver after the Court, and outside counsel, informed the Defendants of their attorney's possible conflict of interest, the potential perils of such a conflict, and the fact that they are entitled to separate counsel. *Garcia*, 517 F.2d at 278. Nonetheless, as noted, the Court may decline the Defendants' waivers if an actual or serious potential conflict of interest exists. *Wheat*, 486 U.S. at 160.

Under the circumstances presented here, the Court finds that a serious potential conflict of interest exists. The Defendants are charged with conspiracy to make and pass counterfeit checks, produce fraudulent identification documents, and use unauthorized access devices, which indubitably creates a serious potential conflict of interest that may develop into an actual conflict of interest as this matter progresses. *See United States v. Sanchez Guerrero*, 546 F.3d 328, 334 (5th Cir. 2008) (finding that a potential conflict of interest existed in the joint representation of

5

brothers in a RICO conspiracy action); *Gharbi*, 510 F.3d at 553-54 (concluding that defendant's Sixth Amendment rights were not violated by the court's denial of the joint representation of a father and daughter in a conspiracy and fraud action).[1]

The Government represents that the evidence it plans to produce at trial suggests that the Defendants have varying levels of culpability in the conspiracy. (Doc. 53 at p. 1). This evidence includes information regarding one of the three Defendants' prior counterfeit check cashing activities and the seizure of a hard drive that connects two of the three Defendants to the charged offenses. (*Id.* at pp. 2-3). The Government also represents that the joint representation has created challenges in its ability to attempt to enter plea negotiations with each Defendant. (*Id.* at p. 1). The Supreme Court has recognized that the perils associated with joint representation may "prevent an attorney from challenging the admission of evidence prejudicial to one client but perhaps favorable to another, or from arguing at the sentencing hearing the relative involvement and culpability of his clients in order to minimize the culpability of one by emphasizing that of another." *Wheat*, 486 U.S. at 160. The Court advises that district courts should be leery of joint representation "because of what it tends to prevent the attorney from doing," including deterring defense counsel "from exploring possible plea negotiations and the possibility of an agreement to testify for

---

[1] At the hearing, defense counsel represented that the Defendants are related. According to counsel, one Defendant is the step-father to another Defendant and two Defendants are cousins. However, as noted in *Sanchez Guerrero* and *Gharbi*, the Defendants' familial ties do not eliminate the potential conflict of interest. In both cases, the familial ties were arguably stronger as they involved a parent and child and two brothers. Nonetheless, the Fifth Circuit affirmed the lower courts' finding of a potential conflict of interest.

6

the prosecution" for a lesser charge or favorable sentence. *Holloway v. Arkansas*, 435 U.S. 475, 490 (1978).

Additionally, for the purpose of sentencing, joint representation would prevent counsel from evaluating all possible sentence enhancements as it is likely that one Defendant's role, in comparison to another, may be minor or minimal. For example, § 3B1.2 of the United States Sentencing Guidelines provides a four level decrease of a defendant's offense level if the defendant was a minimal participant or a two level decrease of the offense level if a defendant was a minor participant. Contrarily, § 3B1.1(c) provides a two level increase of a defendant's offense level if the defendant was an organizer, leader, manager, or supervisor of criminal conduct.

In this matter, each of the dangers identified by the Supreme Court in *Wheat* may inevitably develop. Defense counsel is "in a position conducive to divided loyalties," as the Government intends to produce evidence of the Defendants' varying levels of culpability. *United States v. Medina*, 161 F.3d 867, 870 n. 1 (5th Cir. 1998); *see also United States v. Infante*, 404 F.3d 376, 392 (5th Cir. 2005). Given counsel's position, and the Court's interest in ensuring the ethical soundness and fairness of this proceeding, the Court declines to accept the Defendants' proffered waivers.

Having determined that a serious potential conflict of interest exists, the Court must also order that current defense counsel, James S. Holt, withdraw from this matter. Mr. Holt has established an attorney-client relationship with all three Defendants, and through his role as their attorney, he has presumably learned material and confidential facts relevant to each Defendant. As such, his continual

7

representation of one Defendant may prejudice the co-defendants. Because an actual conflict of interest exists, Mr. Holt must be disqualified from representing any of the Defendants.

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that James S. Holt be disqualified from representing Defendants Walter Glenn, Larry Walker and Thomas James in the above captioned matter.[2]

**IT IS FURTHER ORDERED** that this matter be referred to the United States Magistrate Judge for a determination of counsel for Defendants Walter Glenn, Larry Walker and Thomas James.

**IT IS FURTHER ORDERED** that after the United States Magistrate Judge issues a ruling, **a status conference shall be held before the undersigned** to consider the status of the Defendants' pending motions. The status conference shall be held within **ten business days after the ruling is issued**.

Baton Rouge, Louisiana, this 12th day of January, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[2] Mr. Holt has informed the Court that he is currently representing the Defendants in a state criminal action. Of course, the Court's ruling is only applicable to the pending federal charges.

8