UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                           CRIMINAL ACTION

VERSUS

WALTER GLENN, ET AL.                               NO.: 15-00138-BAJ-RLB

RULING AND ORDER

Before the Court are the **Motions in Limine (Doc. 101, 109)** to Exclude 404(b) evidence filed by Thomas James and Walter Glenn. Also before the Court is the **Motion in Limine (Doc. 121)** to admit evidence of prior convictions under Fed. R. Evid. 609 and 405(a) filed by the United States.[1] The parties filed oppositions. (Doc. 112, 113, 131, 174). For the following reasons, the **Motion in Limine (Doc. 101)** filed by Thomas James is **DENIED AS MOOT**, the **Motion in Limine (Doc. 109)** filed by Walter Glenn is **GRANTED**, and the **Motion in Limine (Doc. 121)** filed by the United States is **DENIED WITHOUT PREJUDICE**.

I.  BACKGROUND

In September of 2014, police stopped Walter Glenn, Larry Walker and Thomas James in a rental car in Baton Rouge, Louisiana. *See United States v. Glenn*, 204 F. Supp. 3d 893 (M.D. La. 2016). The Government alleges that police found counterfeit

---

[1] In its Motion, the United States requests that it be permitted to introduce Glenn's 2004 convictions for identity theft and perjury should he testify, or if he introduces character witnesses that it be permitted to cross-examine such witnesses about specific acts of misconduct, including Glenn's prior convictions. (Doc. 121). The Court defers ruling on this motion until such time as Glenn testifies or puts on character witnesses.

1

check and identification making materials in the car, including blank checks, printers, blank plastic identification cards, holographic overlays, an iron, scissors, tape, cash, and a thumb drive and computer containing fraudulent identification cards for every state and the personal identifiable information for hundreds of people. (Doc. 174 at p. 1). The Government indicted Glenn and James, for: (1) conspiracy to make and pass counterfeit checks, produce fraudulent identification documents, and use unauthorized access devices; (2) access device fraud; (3) and aggravated identity theft. (Doc. 13).

The Government also alleges that in 2010, police executed a search warrant at Glenn's residence in Connecticut and recovered a laptop. (Doc. 174 at p. 2). When the police attempted to seize the computer, Glenn's girlfriend allegedly threw the computer into water to prevent the police from being able to see what was on the computer. *Id.* The two discussed this in a recorded jail call after the defendant's arrest. *Id.* Police recovered images of checks, bank logos, company logos, and signature from the computer. *Id.* The Government intends to introduce evidence of these images, testimony related to these images at trial, and the jailhouse call at trial. *Id.*

## II. DISCUSSION

The Government argues that the 2010 evidence is intrinsic to the charged conspiracy. (Doc. 174 at p. 3). "Intrinsic evidence is generally admissible, and its admission is not subject to rule 404(b)." *United States v. Freeman*, 434 F.3d 369, 374 (5th Cir. 2005). "Evidence of an act is intrinsic when it and evidence of the crime

charged are inextricably intertwined, or both acts are part of a single criminal episode, or it was a necessary preliminary to the crime charged." *United States v. Sumlin*, 489 F.3d 683, 689 (5th Cir. 2007).

Here, the evidence the government wishes to introduces is not intrinsic to the charged conspiracy. Glenn is charged with, among other things, a conspiracy "[b]eginning at least on or about January 23, 2014[.]" (Doc. 13 at ¶ 1). The evidence relating to the 2010 episode, however, is not inextricably linked to a 2014 conspiracy because it occurred four years before the alleged conspiracy even began. Indeed, intrinsic evidence is "admissible to complete the story of the crime by proving the *immediate context* of events in time and place." *United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996) (emphasis added). The immediate context of the 2014 charged conspiracy does not include events that allegedly occurred in 2010. Therefore, the Court finds that the evidence is not intrinsic to the charged offense.

The Government also argues that the 2010 evidence should be admitted under Federal Rule of Evidence 404(b). (Doc. 174 at p. 5). Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1).

The Fifth Circuit uses a two-step process to determine the admissibility of 404(b) evidences:

> First, the extrinsic offense evidence must be relevant to an issue other than [the] defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must also meet the other requirements of Fed. R. Evid. 403.

*United States v. Bentley–Smith*, 2 F.3d 1368, 1377 (5th Cir. 1993).

As a threshold matter, courts must also find that the Government has offered proof demonstrating that the defendant committed the offense. *United States v. Floyd*, 343 F.3d 363, 368 (5th Cir. 2003). This requires courts to find that "the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Id.* (quoting (*Huddleston v. United States*, 485 U.S. 681, 689 (1988)). Glenn argues that there is insufficient evidence to connect the computer to him because he was not prosecuted for any crimes relating to the 2010 computer, while his girlfriend who also had access to the computer, was prosecuted and convicted of her role in a bad check scheme. (Doc. 175-2). The Court need not resolve this factual dispute because even assuming the Government's allegations are true, for the reasons offered *infra*, the probative value of the evidence relating to the 2010 laptop is not substantially outweighed by its undue prejudice.

The Court also finds that the evidence is relevant to an issue other than Glenn's character. "The mere entry of a not guilty plea in a conspiracy case raises the issue of intent sufficiently to justify the admissibility of extrinsic offense evidence." *United States v. Broussard*, 80 F.3d 1025, 1040 (5th Cir. 1996).

4

The Court finds, however, that the probative value of the uncharged 2010 conduct is not substantially outweighed by its undue prejudice. Determining whether the probative value of uncharged conduct is substantially outweighed by its undue prejudice turns on factors including: (1) "the extent to which the defendant's unlawful intent is established by other evidence"; (2) the "overall similarity of the extrinsic and charged offenses"; and (3) "how much time separates the extrinsic and charged offenses [because] temporal remoteness depreciates the probity of the extrinsic offense." *United States v. Beechum*, 582 F.2d 898, 927 (5th Cir. 1978) (en banc).

First, the Government claims that it needs the 2010 evidence because its proof as to Glenn's role with the thumb drive and laptop found in the car, containing images of checks, bank logos, and signatures, is "completely circumstantial." (Doc. 174 at p. 1, 10). The Court presumes the Government means that it needs the evidence because there is no direct evidence such as statements from Glenn claiming ownership of the thumb drive or laptop. However, this is not a case where the Government's case is extremely weak, and the Government will often base its case on "completely circumstantial" evidence. Therefore the Court finds that this factor is at best, neutral.

Second, the Court agrees that the two alleged offenses are similar. The Government alleges that the 2010 laptop contains similar check making images as the thumb drive and laptop found in the car in 2014. (Doc. 174 at p. 10). But third, the Court finds that the amount of that time between the extrinsic and charged offenses greatly depreciates the probity of the extrinsic offense. Indeed, the extrinsic

evidence predates the earliest date of the charged conspiracy by approximately four years.

The Government argues that the age of the evidence is not an issue because the Fifth Circuit has permitted even older 404(b) evidence. Indeed, the Fifth Circuit has permitted extrinsic evidence when the prior conduct took place five years or more before the charged offense. *United States v. Garcia Mendoza*, 587 F.3d 682, 689 (5th Cir. 2009) (permitting five year old drug trafficking conviction); *United States v. Arnold*, v, 885 (5th Cir. 2006) (permitting nine year old drug conviction); *United States v. Hernandez-Guevara*, 162 F.3d 863, 873 (5th Cir. 1998) (permitting fifteen year old smuggling conviction). In each of these cases, however, the Fifth Circuit held that it was not an abuse of discretion for the district court to allow the old 404(b) evidence. *Id.*

Here, however, the Court must decide in the first instance whether the age of the evidence substantially outweighs its probative value. The Court concludes that the evidence is too remote and too stale to be relevant and that it would be unduly prejudicial. Additionally, in each of the cases the Government cites, in which the Fifth Circuit permitted old 404(b) evidence, there was an underlying conviction, which the Government does not have here. The Court will not permit two trials to be held, one on the 2010 evidence and one on the 2014 evidence, which is in effect what the Government requests. Moreover, no limiting instruction will cure this prejudice. In sum, after balancing all the relevant factors, the Court concludes that the

probative value of the 2010 evidence is not substantially outweighed by undue prejudice.

## IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion in Limine (Doc. 101)** filed by Thomas James is **DENIED AS MOOT**.[2]

**IT IS FURTHER ORDERED** that the **Motion in Limine (Doc. 109)** filed by Walter Glenn is **GRANTED**.

**IT IS FURTHER ORDERED** that the **Motion in Limine (Doc. 121)** filed by the Government is **DENIED WITHOUT PREJUDICE**. The Government may reurge its motion to introduce Glenn's 2004 convictions for identity theft if Glenn testifies and it may reurge its motion to cross-examine character witnesses about specific acts of misconduct, including Glenn's prior convictions, if Glenn puts on character witnesses.

---

[2] On June 2, 2016, James filed a Motion in Limine under Rule 404(b) to exclude: (1) evidence relating to an alleged 2016 check cashing scheme; and (2) evidence of James' co-conspirator's prior counterfeit check cashing scheme in 2010 in Connecticut. (Doc. 101-1 at p. 1-2). On June 24, 2016, the Government informed the Court that it no longer intends to introduce evidence of the alleged 2016 check cashing scheme at trial. (Doc. 113 at p. 1-2). For this reason, the portion of the Motion seeking to exclude the 2016 check cashing scheme is denied as moot. The portion of the Motion seeking to exclude the 2010 check cashing scheme is also denied as moot because the Court has granted Glenn's motion to exclude this evidence.

**IT IS FURTHER ORDERED** that the **Motion for Leave to File Response to United States' Supplemental Response to Defendant's Motion in Limine** (Doc. 175) is **GRANTED**.

Baton Rouge, Louisiana, this 13th day of November, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**